**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FIRAS NUSIRE** : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 15-2014** |
| : | |
| **BRISTOL WEST INSURANCE** : | |
| **COMPANY, FARMERS INSURANCE** : | |
| **GROUP d/b/a FARMERS INSURANCE** : | |
| **and AUDRA DYCKMAN** : | |
| **Defendants.** : | |

<u>**MEMORANDUM OPINION**</u>

**Rufe, J.** **October 5, 2015**

Plaintiff filed suit in the Philadelphia Court of Common Pleas against two automobile

insurance companies, Bristol West Insurance Company and Farmers Insurance Group, as well as

an employee of Farmers, Audra Dyckman.  Defendants removed the case to this Court on the

basis of diversity jurisdiction.  Plaintiff has moved to remand, asserting that the insurers have

principal places of business in Pennsylvania and therefore cannot remove the action.  Defendants

have moved to dismiss two counts of the Complaint, as well as all claims against Defendants

Farmers and Ms. Dyckman.  For the following reasons, the motion to remand will be denied and

the motion to dismiss will be granted in part and denied in part.

## I.     BACKGROUND

Plaintiff alleges that his vehicle, insured by Defendants, was struck by another vehicle,

that the damages resulting from the collision exceeded the amount of insurance recovered from

the tortfeasor, that Plaintiff made a claim to Defendants for underinsured motorist coverage, and

that Defendants wrongfully and in bad faith denied this coverage.  Plaintiff alleges claims for

breach of contract, for statutory bad faith,[1] for negligent and intentional misrepresentation, and for violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[2]  Defendants deny liability, contend that the only appropriate Defendant is Bristol West, which issued the automobile insurance policy, and seek to dismiss the claims for misrepresentation and violation of the UTPCPL.

## II.   MOTION TO REMAND

Removal of a civil action from state to federal court is proper only if the action initially could have been brought in federal court.[3]  The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."[4]  28 U.S.C. § 1332 provides that the federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[5]  Removal from and remand to state court are governed by 28 U.S.C. §§ 1441, 1446, and 1447.  Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."[6]  All defendants who have been served must consent to removal, and a case in which jurisdiction is based upon diversity of citizenship may not be removed if any of the defendants is a citizen of the state in which the action is brought.[7]

---

[1] 42 Pa. Cons. Stat. Ann. § 8371.

[2] 73 Pa. Cons. Stat. Ann. § 201-1, *et seq.*

[3] 28 U.S.C. § 1441(a).

[4] *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990).

[5] 28 U.S.C. § 1332(a).

[6] 28 U.S.C. § 1441(a).

[7] 28 U.S.C. §§ 1441(b) (1), (2).

The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ."[8]  After removal, a plaintiff may file a motion to remand based on either "any defect" in the removal petition or lack of subject matter jurisdiction.[9]

In this case, there is no dispute that Plaintiff is a citizen of Pennsylvania and that Ms. Dyckman is a citizen of Connecticut.  The Complaint alleges that Bristol West is a Florida corporation with "a principal place of business in Pittsburgh, PA" and that it "conducts regular business in the Commonwealth of Pennsylvania and has a claims and/or customer service department in Pittsburgh, PA."[10]  The Complaint alleges that Farmers is a California corporation that "conducts regular business in the Commonwealth of Pennsylvania with a principal place of business."[11]  These allegations fail to correctly plead the citizenship of Defendants Bristol West and Farmers.  A corporation may have more than one state of citizenship, as it "shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business."[12] But a corporation may only have one principal place of business, and establishing diversity jurisdiction or the lack thereof requires a party to allege where a corporation has *its* principal place of business.[13]  The Complaint alleges only that Defendants have *a* principal place of business in Pennsylvania, which is inadequate.[14]

---

[8] 28 U.S.C. § 1446(b)(1).

[9] 28 U.S.C. § 1447.

[10] Compl. ¶¶ 2-3.

[11] Compl. ¶ 4.

[12] 28 U.S.C. § 1332(c)(1).

[13] *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 347 (3d Cir. 2013).

[14] *See J & R Ice Cream Corp. v. California Smoothie Licensing Corp.*, 31 F.3d 1259, 1265 n. 3 (3d Cir. 1994) (noting that alleging "a" instead of "its" fails to "properly plead diversity jurisdiction."). *Accord S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a

By contrast, the Notice of Removal properly invokes diversity jurisdiction by alleging that Bristol West is an Ohio corporation with its principal place of business in Ohio, and that Farmers is a California corporation with its principal place of business in California.[15]  A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities."[16]  Plaintiff's arguments against jurisdiction are based on the mistaken premise that a corporation may have more than one principal place of business and that Bristol West's principal place of business might not be in Ohio.[17]  Although an affidavit in support of Defendants' allegations that Ohio and California are the respective nerve centers of Bristol West and Farmers would have been helpful, the Court accepts the allegations in the notice of removal as true for purposes of the motion to remand.[18]  This is particularly appropriate as the allegations of the Complaint and the Notice of Removal do not conflict.  Defendants properly have alleged the principal place of business for each corporate Defendant while Plaintiff has failed to allege that either corporation

---

complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business" (emphasis added)).

[15] Notice of Removal at ¶¶ 3-4.

[16] *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

[17] Plaintiff attaches to the motion to remand what appears to be a printout from a website that lists Bristol West mailing addresses in various states, including Pennsylvania, Florida, and Ohio, and which states that Bristol West began providing automobile insurance to Florida residents in 1973. The documents also include the Farmers Insurance Logo at the bottom of the printout. Plff.'s Mot. Remand, Ex. B.  These pages shed no light on where Bristol West maintains its principal place of business.  Plaintiff also attaches what appears to be printout from the website of the Pennsylvania Department of State that identifies "Bristol West Insurance Company" as a foreign (i.e., non-Pennsylvania) corporation with the state of business listed as Ohio, a registered office address in Pennsylvania (through a corporation service company), and a mailing address in Florida.  Plff.'s Mot. Remand, Ex. C.  Again, nothing in this document establishes where Bristol West has its principal place of business, but it certainly provides no basis to conclude that it is in Pennsylvania.

[18] *See J&J Mobile Home Park, Inc. v. Bell*, 266 F. App'x 195, 196 (3d Cir. 2008).

4

has its sole principal place of business in Pennsylvania, rather than simply conducting business in Pennsylvania.  Because removal was proper, the motion to remand will be denied.[19]

## III.    MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's complaint lacks enough substance to show that he is entitled to relief.[20]  In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[21]  Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[22]  Something more than a mere *possibility* of a claim must be alleged; rather the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[23]  The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[24]  The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[25]  Legal

---

[19] Plaintiff also argues that not all Defendants consented to removal because Farmers contests that it was correctly named or that it issued a policy, and therefore, there is "reasonable concern over counsel's representation of Defendant Farmers Insurance Group in this matter."  Plff.'s Opp. to Mot. to Remand at 4.   The Court is uncertain as to the basis of Plaintiff's concern; but in any event, as counsel filed the Notice of Removal on behalf of all Defendants, there is unanimity of consent to removal.

[20] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[21] *ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[22] *Twombly*, 550 U.S. at 555, 564.

[23] *Id.* at 570.

[24] *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[25] *Id.* (quoting *McGregor v. Indus. Excess Landfill, Inc.,* 856 F.2d 39, 42-43 (6th Cir. 1988)).

questions that depend upon a developed factual record are not properly the subject of a motion to dismiss.[26]

   A.   *Motion to Dismiss UTPCPL and Intentional and Negligent Misrepresentation Claims*

   Defendants argue that Plaintiff has failed to state a claim under the UTPCPL and for intentional and negligent misrepresentation.  The Court holds that these claims are barred by the economic loss rule and therefore grants the motion to dismiss Counts II and IV.[27]  The economic loss rule "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract."[28]  The Pennsylvania Supreme Court has held that the "economic loss doctrine provides [that] no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage."[29]  The Court of Appeals for the Third Circuit has predicted that the Pennsylvania Supreme Court would extend the doctrine to intentional torts as well.[30]  Therefore, "the economic loss doctrine bars claims of intentional fraud except in situations where the fraud occurs outside of the contract."[31]  "This means that when the alleged deceptive conduct is clearly interwoven with the contract, and the plaintiff seeks damages that flow from the contract, a UTPCPL claim cannot be brought."[32]

---

[26]   *See, e.g., TriState HVAC Equip., LLP v. Big Belly Solar, Inc.*, 836 F. Supp. 2d 274 (E.D. Pa. 2011).

[27]   Although Defendants did not argue specifically that the UTPCPL claim was barred by the economic loss doctrine, the parties had a full opportunity to address the issue in connection with the negligent misrepresentation claim.

[28]   *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995).

[29]   *Excavation Tech., Inc. v. Columbia Gas Co. of Pa.*, 985 A.2d 840, 841 n. 3 (Pa. 2009) (internal quotation omitted).

[30]   *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 690-81 (3d Cir. 2002).

[31]   *Tubman v. USAA Cas. Ins. Co.*, 943 F. Supp. 2d 525, 530 (E.D. Pa. 2013) (citing *Werwinski*).

[32]   *Id.* (quoting *Sicherman v. Nationwide Life Ins. Co.*, No. 11-7227, 2012 WL 1122737, at * 4 (E.D. Pa. Apr. 4, 2012) (internal quotation marks omitted).

Plaintiff alleges that Defendants misrepresented the nature of the underinsured motorist coverage, misrepresented that they would promptly and fairly evaluate and respond to claims, failed to comply with the terms of the policy and Pennsylvania insurance law, published misleading advertising, engaged in fraudulent conduct, misrepresented the value of Plaintiff's claim, and misrepresented that they would properly review Plaintiff's claim. [33]  All of these allegations turn on Defendants' alleged failure under the insurance policy to adjudicate and pay Plaintiff's claim appropriately. [34]  Simply put, Plaintiff has no claim that exists beyond the policy. Because "the alleged deceptive practices are critically related to the alleged breach," [35] the economic loss rule bars the claims for misrepresentation and under the UTPCPL. [36]

B.   *Motion to Dismiss All Claims against Farmers and Ms. Dyckman*

Defendants move to dismiss all claims against Farmers and Ms. Dyckman.  As Ms. Dyckman is named as a Defendant only in Counts II and IV and those claims have been dismissed, there is no basis for liability against her. Moreover, the Court agrees with Defendants that Plaintiff has failed to set forth any allegations that would allow for the imposition of individual liability.

Defendants also contend that Bristol West, not Farmers, issued the insurance policy and that only Bristol West is a proper Defendant.  To determine whether Farmers is a party to the

---

[33] Compl. ¶¶ 67, 83.

[34] *See McGuckin v. Allstate Fire and Cas. Ins. Co.*, No. 15-2173, 2015 WL 4579028, at * 4 (E.D. Pa. July 30, 2015) ("Allegations that a party did not intend to perform the contract properly concern the subject matter of the contract of the party's performance and, thus, do not fit within the limited exception to the economic loss doctrine for fraud in the inducement." (internal quotation marks and citation omitted)).  Plaintiff does not allege, for example, that he received a policy with different coverage terms than he thought he had purchased.

[35] *Tubman,* 943 F. Supp. 2d  at 530.

[36] Similarly, "[i]n Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq., and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable." *Horowitz v. Fed. Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir. 1995) (citations omitted).

relevant insurance policy, the Court must consider two factors: "1) the extent to which the company was identified as the insurer on the policy documents; and 2) the extent to which the company acted as the insurer" notwithstanding corporate structure.[37]  The second factor is given significantly greater weight.[38]  The Personal Auto Declaration pages of the policy name "Bristol West Insurance Company."  The policy defines "We, us, and our" to "refer to the insurance company providing this insurance, as shown in the Declarations."[39]   The last page of the policy states as follows:

> Insurance underwritten by a member of the Bristol West Insurance Group. "Foremost" and the "F" logo are registered trademarks of FCOA, LLC, 5600 Beech Tree Lane, Caldedonia, MI 49316.  Bristol West Insurance Group and Bristol West are registered trademarks of Bristol West Holdings, Inc., 5701 Slirling Road, Davie, FL 33314.  The Foremost and Bristol West companies are members of the Farmers Insurance Group®, 4680 Wilshire Blvd. Los Angeles, CA 90010.

It thus appears that the policy was issued by Bristol West, but that there is some relationship between Bristol West and Farmers.   In addition, Plaintiff attached to the Complaint correspondence relating to Plaintiff's claim.  The letterhead has the Famers Insurance logo prominently displayed, with smaller references to Bristol West.  Based upon the Complaint and the attachments thereto, the Court cannot determine at this time what the relationship is between Bristol West and Farmers, or whether Farmers was acting as the insurer.  The motion to dismiss Farmers is denied without prejudice to the filing of a properly-supported motion for summary judgment.

---

[37] *Brown v. Progressive Ins. Co.,* 860 A.2d 493, 498 (Pa. Super. Ct. 2004).

[38] *Id.*

[39] Policy at ¶ 2 (emphasis omitted).  The policy defines declarations as "the Personal Auto Policy Declarations that lists the named insured [and] the autos to be covered . . . and other information pertinent to your policy of insurance when purchased from us." *Id.*  at ¶ 8 (emphasis omitted).

**IV.     CONCLUSION**

As this Court has jurisdiction over the case, remand will be denied.  The motion to dismiss Counts II and IV will be granted; the motion to dismiss Farmers will be denied.  An order will be entered.